**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| **RICHARD SANDERS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **VS.** | : | **NO.  1:08-CV-11 (WLS)** |
| | : | |
| **Warden BRUCE SHIVERS, Deputy** | : | |
| **Warden MICHAEL GIVENS,** | : | |
| | : | |
| **Defendants.** | : | |

## RECOMMENDATION

This is a § 1983 action brought by a plaintiff inmate who is proceeding *pro se.*  The circumstances giving rise to the filing of this lawsuit allegedly occurred while plaintiff was housed at the Mitchell County Correctional Institute ("MCCI"), a facility from which he was transferred on March 6, 2008.  The defendants are or were the warden and deputy warden of that facility.

In his unsworn complaint plaintiff states only that, "[t]he named officials in this case have denied me medical attention by not allowing me to meet my doctor's appointment that I had for Dec. 17th 2007 that I badly needed to make this appointment." (doc. 2, p.4).  In his unsworn supplemental complaint he indicates that on February 7, 2008, he was taken to a specialist that he had seen before but who refused to see him on this date stating that he should be seen at the [Mitchell County] Hospital on February 14, 2008.  He complains that he was not taken to the hospital on that date. (doc. 12).  Finally in his unsworn "Motion to Amend Civil Action" filed on September 23, 2008, he complains that he still has not seen a specialist or physician concerning his medical problem. (doc. 26).  However, it must be noted that plaintiff was transferred to

another facility from MCCI on March 6, 2008.  (doc. 27-5, Givens Aff., ¶ 4).  Thus, if either of these defendants ever had any responsibility for plaintiff's medical care, that responsibility ended when he was transferred to another institution.

Presently pending in this matter is a motion for summary judgment filed on behalf of both defendants.  This motion is accompanied and supported by a statement of material facts as to which there is no genuine issue to be tried, a memorandum of law, the sworn affidavits of both defendants, medical records pertaining to plaintiff, a copy of the Standard Operating Procedure pertaining to grievances, and a copy of an informal grievance and formal grievance filed by plaintiff.  Plaintiff was given the required notice of the filing of defendants' motion and advised that he had the right to oppose that granting of the motion.  He has filed an unsworn two page general statement of opposition to the granting of the motion.

***Summary Judgment Standard***

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot

meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir.

1991).

***Local Rule 56***

Rule 56 of the Local Rules of the United States District Court for the Middle District of

Georgia addresses Motions for Summary Judgment and Statements of Material Facts and states

in pertinent part:

> The respondent to a motion for summary judgment shall attach to
> the response a separate and concise statement of material facts,
> numbered separately, to which the respondent contends there exists
> a genuine issue to be tried.  Response shall be made to each of the
> movant's numbered material facts.  All material facts contained in
> the moving party's statement which are not specifically controverted
> by the respondent in respondent's statement shall be deemed to have
> been admitted, unless otherwise inappropriate.

Plaintiff has not complied with Local Rule 56

***Federal Rule of Civil Procedure 56(e)(2)***

This subpart of Rule 56 is titled, Opposing Party's Obligation to Respond and provides

that:

> When a motion for summary judgment is properly made and
> supported, an opposing party may not rely merely on allegations or
> denials in its own pleading,; rather, its response must – by affidavits
> or as otherwise provided in this rule – set out specific facts showing
> a genuine issue for trial.  If the opposing party does not so respond,
> summary judgment should, if appropriate, be entered against that
> party.

***Discussion***

Defendants have raised several grounds as to why they are entitled to summary judgment.

Because, as will be shown herein, entry of summary on behalf of these defendants is appropriate

not all of the grounds will be discussed for reasons of judicial economy.

*Has the Plaintiff shown the existence of a genuine material factual issue?*

None of the filings submitted by plaintiff are sworn documents that were given under oath. Thus, none of his submissions may be taken as evidence. Additionally, plaintiff has failed to comply with that portion of Local Rule 56 which is quoted above or with Federal Rule of Civil Procedure 56(e)(2) also quoted above. From the defendants' statement of material facts as to which there is no genuine issue to be tried and their affidavits the following is established:

> The medical staff at the Mitchell County Correctional Institute makes the decisions as to whether an inmate needs to be seen by a medical provider outside the correctional facility. The medical staff at the Mitchell County Correctional Institute consists of visiting physicians and on-site nurses. Neither Bruce Shiver nor Michael Givens make any decisions regarding whether an inmate needs to see an outside medical provider. When an outside appointment is made by the medical staff, it is the shift supervisor who arranges for the inmate to be taken to the appointment.

> Plaintiff's medical records from the Mitchell County Correctional Institute indicate that the Plaintiff was seen numerous times between June of 2007, and March of 2008, by the medical staff at the Mitchell County Correctional Institute. In addition, the Plaintiff was taken to the Mitchell County Hospital on July 20, 2007 for testicular pain, and he was also taken to an outside specialist (Dr. Baddour) on September 13, 2007, October 11, 2007, December 13, *2007*, and on February 7, 2008, for the same pain complaints

> Plaintiff was transferred from the Mitchell County Correctional Institute to another correctional facility on March 6, 2008.

(doc. 27-2, ¶¶ 1 - 3).

Although these defendants are the Warden and Deputy Warden of Care and Treatment at MCCI and therefore have a great deal of responsibility for the facility and its occupants it appears that the plaintiff has sued the wrong individuals. As shown above, these defendants have nothing to do with medical decisions pertaining to inmates or the transportation of inmates

for medical treatment outside the facility.

A supervisory official is not liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability.  Brown v. Crawford, 906 F.2d 667,671 (11th Cir. 1990).  Instead, the plaintiff must allege that the named defendant(s) actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation.  Gilmere v. City of Atlanta, 774 F.2d 1495, 1504 (11th Cir. 1985).  There must be an affirmative link between the defendants' action and the alleged deprivation of a constitutional right.  Brown v. Smith , 813 F.2d 1187 (11th Cir. 1987)(concluding that a 42 U.S.C. § 1983 claim cannot be based upon vicarious liability).

There is not a scintilla of evidence that these defendants interfered with or prevented plaintiff being taken to the hospital on the date about which he complains.  While Federal Courts have traditionally been lenient with *pro se* litigants insofar as their pleadings are construed, their *pro se* status does not relieve them from compliance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  The real gravamen of plaintiff's complaint is that he was not transported to the Mitchell County Hospital for an appointment on December 17, 2007, and February 14, 2008.  The only documentation filed by plaintiff that remotely could be considered to be evidence is an informal grievance he filed on December 17, 2007, complaining about missing his appointment on that date.  A copy of the informal grievance is attached to the complaint.  Plaintiff also filed a formal grievance regarding this appointment, a copy of which is attached to the Affidavit of defendant Shiver as Exh. A-3.

Plaintiff's medical records which are attached to the affidavit of defendant Givens clearly show that plaintiff received medical attention on several occasions while confined at MCCI

between June 2007 and March 2008, mostly for complaints of left testicular pain.  (doc. 27-7, Exh. B-1).  As set out above, in the excerpts from defendants' Statement of Material Facts as to which there is no Genuine Issue to be Tried, on at least five occasions he received medical treatment away from the facility.  It is interesting to note that while plaintiff alleges he was not transported to the Mitchell County Hospital on two occasions for scheduled appointments, he never indicates the treatment he was to receive, or how not having the appointments further damaged him or exacerbated his condition.

"An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill v. DeKalb RYDC, 40 F.3d 1176, 1188 (11th Cir. 1994).  This the plaintiff simply has not done. Further, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).  Finally, the court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'" Id. at 1510

While the inferences drawn from the underlying facts must be viewed in the light most favorable to the plaintiff  as the unmoving party, the facts must be based upon evidence rather than the unsworn allegations contained in plaintiff's pleadings.  Simply put plaintiff has placed absolutely no evidence in this file that even comes close to creating a genuine material factual issue to be resolved by a jury, notwithstanding the copies of the informal and formal grievances

referred too earlier.  Defendants have shown that there is no genuine issue of material fact that they had anything to do with plaintiff's medical treatment, or that the medical treatment he received from the medical staff at MCCI rose to the level of deliberate indifference.  Plaintiff has offered nothing to rebut defendants' showing by creating a genuine factual issue as to either of these points.

It is therefore the RECOMMENDATION of the undersigned that defendants' motion for summary judgement be GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 2nd  day of April 2001.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE